[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR CONTEMPT PENDENTE LITE (#143)
The plaintiff, Joseph F. Tennant (hereinafter husband), asserts that the defendant, Katri A. Tennant (hereinafter wife), is in contempt of this court's order dated November 18, 2002. Hearings on this motion were conducted on January 27, 2003 and February 24, 2003. For the reasons set forth below, the motion for contempt is granted.
As relevant to this motion, the procedural history of this case is as follows: The complaint seeking dissolution of marriage and other relief was filed in court on July 1, 2002. Pursuant to a stipulation dated September 30, 2002 and made an order of the court, (Devine, J.), the wife agreed to vacate the family residence within thirty days. The stipulation permitted the wife to remove "her personal clothing and papers and children's furniture and some clothing." Thereafter, this court on November 18, 2002 and after an evidentiary hearing, found the wife in contempt for removing from the home furniture, appliances and other items beyond those permitted by the September 30, 2002 order. This court ordered the wife to return the improperly removed items by November 22, 2002 at 5:00 p.m. On November 25, 2002, the present motion for contempt was filed.
Discussion
Based on the evidence presented at the hearings, the court makes the following findings of fact and conclusions of law.
 1. MEANS OF TRANSPORT
When the wife removed property from the marital home on Pendleton Hill Road, North Stonington, Connecticut in violation of court order, she used an enclosed Ryder-type rental truck. The truck was approximately twenty-seven feet long. When it left the premises, it was at least half full of household items. When the wife returned some of the items on CT Page 2897 November 22, 2002, she used an open construction-type trailer customarily used to haul a bulldozer. It was raining at the time the property was returned.
Implicit in this court's November 18, 2002 order to return the property was a requirement that reasonable care be used in transporting the property back to the Pendleton Hill Road premises. One measure of such reasonable care would be that the property should be returned using the same mode and means of transportation as was used during its removal. This was not done. This court finds that given the nature of the property (couches, furniture, appliances) and the inclement weather, the use of an open construction trailer to transport the property back was below a standard of reasonable care. The choice to use such an obviously improper means of transportation represents a willful contempt of this court's November 18, 2002 Order.
 2. DAMAGED ITEMS
The court finds that as a result of the wife's negligent return of items, the following damage occurred:
a. Mattress/Box Spring-The mattress and box spring sustained water damage, but both are still usable.
b. Leather Chair-The chair was water stained and had its cushions crushed somewhat in the move. It is, however, still usable.
c. Bureau-The scratches on top of the bureau were pre-existing. The scratches on the front of the bureau were due to the negligent move.
d. Sofa/Love Seat-Both items sustained water damage and crushing, but remain usable.
e. Entertainment Unit-The court finds that the damage to the door was the result of the husband's actions.
f. Bed-The headboard and footboard of the bed sustained scratches. These items are still usable.
g. Carpet Stains-The carpet at the Pendleton Hill Road premises was stained when the furniture picked up oil or grease from the trailer and transferred it to the carpet.
h. Small Cabinet-The small cabinet sustained damage to its top such that the top dislodged from the cabinet's sides. CT Page 2898
The wife is responsible for the damage noted above, except for the damage to the entertainment unit. The court is not at this time fixing a value for the damage. Such determination is deferred to the time of trial.
 3. MISSING ITEMS
The court finds that the wife has failed to return the following items that were present at the Pendleton Hill Road premises at the time the husband moved out, but were not present when he returned in November 2002.
a. Microwave Oven
 b. Television
c. DVD player
 d. Titles to motor vehicles and deed to house
e. Tools
f. Husband's clothes
g. Window curtains/drapes
 h. Lamps
i. Air Conditioner
The wife is responsible for the value of these missing items. Determination of this value is deferred to the time of trial.
Conclusion
The court finds the wife in willful contempt of the November 18, 2002 court order. The court awards $300 in attorneys fees to plaintiff's counsel.
So Ordered at Norwich, Connecticut this 27th day of February 2003.
Devlin, J. CT Page 2899